McIlvaine, J.
The justice of the peace assumed jurisdiction in the original action under section 585 of Revised Stat *214 utes, which reads, “under the restrictions and limitations herein provided, justices of the, peace shall have exclusive original jurisdiction of any sum not exceeding $100, and concurrent jurisdiction with .the court of common pleas in any sum over $100, and not exceeding $300.” In the absence of restrictions or limitations, this grant would embrace actions for injuries to the person, where the amount of damages claimed does not exceed $300.
The sole objection urged against the jurisdiction of the justice in this case, is founded on section 591 of Revised Statutes, which provides, “Justices shall not have cognizance of any action to recover damages for an assault, or an assault and battery.”
It will be observed that no wrongful act was charged against the defendant. Under the doctrine of respondeat superior the plaintiff sought to recover for the wrongful act of defendant’s agent or servant. The wrongful act complained of was negligence and reckless and careless driving of defendant’s wagon, whereby the plaintiff was run over and injured. This wrong was a mere trespass upon the person of the jjlaintiff and not an assault and battery.' No intention to run over or injure the plaintiff is alleged. True, every battery includes a trespass, but every trespass does not constitute a battery.
It is contended in behalf of plaintiff in error, that in the section of the statute above quoted assault and battery was intended to include every trespass vi ei armis against the person of another. To this proposition we cannot assent. We think that assault and battery as used in this section must be understood in a technical sense, and does not exclude from the jurisdiction of justices actions toyecover damages for trespass on the person of another unless such trespass constitutes the offense of assault and battery.

Motion overruled.